COURT OF APPEALS
DECISION
DATED AND FILED

March 27, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1830**

Cir. Ct. No. 2022CV310

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

MICHAEL TEARMAN, SARAH TEARMAN,
CHRISTOPHER D. STEPHENSON AND BAILY A. SCHULTZ,

    PLAINTIFFS-APPELLANTS,

VALLEY FORGE INSURANCE COMPANY,

    INVOLUNTARY-PLAINTIFF,

  V.

NAUTILUS INSURANCE COMPANY,

    DEFENDANT-RESPONDENT,

HVB ICF CONTRACTORS, INC., SPEED FLOOR USA, LLC,
SOCIETY INSURANCE, A MUTUAL COMPANY,
COUNTY W FARM, LLC, FRANKENMUTH INSURANCE COMPANY,
AND SPEEDFLOOR BUILDING SYSTEMS PTY LTD,

    DEFENDANTS.

---

APPEAL from a judgment of the circuit court for Grant County: CRAIG R. DAY, Judge. *Reversed and cause remanded with directions*.

Before Blanchard, Graham, and Taylor, JJ.

¶1    PER CURIAM. This appeal involves an insurance coverage dispute. Michael Tearman, Sarah Tearman, Christopher Stephenson, and Baily Schultz (collectively, Tearman) sued defendants who include County W Farm and HVB ICF and their insurers, alleging that Tearman was injured in a construction site accident as a result of negligence by County W and HVB. Tearman challenges a circuit court order that granted summary judgment to HVB's insurer, Nautilus Insurance Company. The court interpreted the Nautilus policy with HVB to exclude coverage for Tearman's claims. Tearman argues that the court erred in concluding that there is no genuine issue of material fact that a policy exclusion of coverage for bodily injuries to employees of HVB's contractors and subcontractors applies here to bar coverage of Tearman's claims. We conclude that the exclusion does not apply to bar Tearman's claim if Tearman can prove to a factfinder that County W, and not HVB, contracted with Tearman's employer, Middleton Construction, to work on the construction project. We further conclude that there is a genuine issue of fact as to whether County W, and not HVB, had a contract with Middleton Construction. Accordingly, summary judgment is inappropriate and we reverse for further proceedings consistent with this opinion.

## BACKGROUND

¶2    The operative complaint alleges the following. Michael Tearman, Stephenson, and Schultz were employees of Middleton Construction. Either County W, or HVB, or both contracted with Middleton Construction to pour concrete as part of a construction project on property owned by County W. In July

2

2022, Michael Tearman, Stephenson, and Schultz were pouring concrete at the construction site when a flooring system that had been installed by HVB collapsed. This resulted in serious injuries to all three workers. Sarah Tearman's claimed injury is the loss of companionship and society of her husband, Michael.

¶3 Nautilus issued a general commercial liability policy to HVB that was in effect at the time of the accident. After Tearman commenced this action, Nautilus filed a counterclaim seeking a declaratory judgment that its policy does not provide coverage to HVB for Tearman's claims. Nautilus took the position that Tearman's allegations of fact triggered an exclusion in the policy that, in pertinent part, bars coverage of bodily injury to various categories of persons, consisting generally of HVB's employees, contractors, subcontractors, and the employees of HVB's contractors and subcontractors. We call this the "worker-injury exclusion," or sometimes just "the exclusion."

¶4 The circuit court granted a motion by Nautilus to bifurcate the case into separate proceedings regarding, first, Nautilus's coverage of the claims against HVB, and then, second, the liability of HVB and the other defendants to Tearman.

¶5 After the parties conducted discovery, but still during the coverage phase of the litigation, Nautilus moved for summary judgment on its counterclaim. Nautilus argued that evidence adduced in discovery established that HVB contracted with Middleton Construction (Tearman's employer), and that this means that there is no genuine, material issue of fact that the worker-injury exclusion bars coverage to HVB for Tearman's claims. Tearman responded that summary judgment is inappropriate because there is a genuine issue of fact

regarding whether HVB in fact contracted with Middleton Construction, which Tearman argued is material to whether the worker-injury exclusion applies.[1]

¶6     The circuit court held a hearing on Nautilus's motion at which it initially denied the motion.  The court concluded that the summary judgment record gave rise to competing inferences regarding whether HVB had a contractual relationship with Middleton Construction.  The court left open the possibility for the parties to conduct additional discovery and supplement the summary judgment record on the coverage issue.

¶7     Following additional discovery, Nautilus filed supplemental summary judgment materials and renewed its summary judgment motion.

¶8     The circuit court determined that the additional evidence did not indisputably resolve which entity contracted with Middleton Construction on the project.  However, after further reflection, the court concluded that this issue of fact, while genuine, is not material to whether the worker-injury exclusion applies. More specifically, the court concluded that the exclusion applies to deny coverage under all reasonable inferences regarding the relationship or lack of relationship between HVB and Middleton Construction in connection with the project. Accordingly, the court granted Nautilus's motion for summary judgment. Tearman appeals.

---

[1] We note as general context that, in the circuit court, HVB, which is not a party to this appeal, joined Tearman in opposing Nautilus's motion for summary judgment in part on grounds that Tearman does not raise on appeal.  Those grounds were that there are genuine issues of fact regarding whether the Nautilus policy provided only "illusory" coverage for bodily injuries and whether the application of the worker-injury exclusion as written frustrates HVB's reasonable expectations of coverage.  We do not address those grounds in this appeal.

4

## DISCUSSION

¶9      Tearman argues that summary judgment is inappropriate because there is a genuine issue of fact as to whether HVB, the insured under the policy, contracted with Middleton Construction to be a subcontractor or independent contractor on the project.  Tearman further argues that this issue of fact is material to whether Nautilus's policy excludes coverage of Tearman's claims.  After providing pertinent standards of review, we explain why we interpret the worker-injury exclusion to mean that, if a factfinder determines that HVB did not contract with Middleton Construction to be a subcontractor or independent contractor, then coverage is not excluded under the policy.  After that, we explain why we conclude that there is a genuine issue of fact based on the summary judgment materials regarding whether HVB contracted with Middleton Construction to be a subcontractor or independent contractor on the project.

¶10      "'We review a grant of summary judgment de novo, relying on the same methodology as the circuit court.'"  ***Schinner v. Gundrum***, 2013 WI 71, ¶36, 349 Wis. 2d 529, 833 N.W.2d 685 (quoted source omitted).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  WIS. STAT. § 802.08(2) (2023-24).[2]

¶11      The interpretation of an insurance policy presents an issue of law that we review de novo.  ***American Fam. Mut. Ins. Co. v. American Girl, Inc.***,

---

[2] All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

2004 WI 2, ¶23, 268 Wis. 2d 16, 673 N.W.2d 65. We construe a policy according to its plain and ordinary meaning as it would be understood by a reasonable insured. *Preisler v. General Cas. Ins. Co.*, 2014 WI 135, ¶18, 360 Wis. 2d 129, 857 N.W.2d 136.

¶12 There is no dispute here that there is an initial grant of coverage under the policy and also no dispute that, if the worker-injury exclusion does apply, coverage is not reinstated by an exception. The only issue is whether summary judgment is appropriate based on the worker-injury exclusion. We are to construe exclusions "narrowly," so as to "favor" coverage. *See Cincinnati Ins. Co. v. Ropicky*, 2025 WI App 5, ¶56, ___ Wis. 2d ___, 16 N.W.3d 634 (citing *Folkman v. Quamme*, 2003 WI 116, ¶16, 264 Wis. 2d 617, 665 N.W.2d 857).

## I. Scope of Exclusion

¶13 The pertinent part of the worker-injury exclusion consists of the following extended passage:

> This insurance does not apply to:
>
> …
>
> "Bodily injury" to:
>
> **(1)** "Employees", … contractors, subcontractors, or independent contractors of any insured; or
>
> **(2)** Any insured's contractors', subcontractors', or independent contractors' "employees", … contractors, subcontractors, or independent contractors
>
> arising out of and in the course of:
>
> **(a)** Employment by any insured; or
>
> **(b)** Directly or indirectly performing duties related to the conduct of any insured's business; or

**(3)** The spouse, child, parent, brother or sister of that "employee", … contractor, subcontractors, or independent contractor arising out of Paragraph (1) or (2) above.[3]

¶14     Summarizing at a broad level, the worker-injury exclusion applies to categories of persons who suffer bodily injury, arranged in three sets of definitions, bottomed on a relationship that can be traced to the insured, HVB. Specifically, paragraphs "(1)," "(2)," and "(3)" identify the categories of persons excluded from coverage. We now make the following baseline points about the exclusion and the current arguments of the parties.

¶15     One baseline point is that Tearman does not argue that the policy's definition of "bodily injury" fails to encompass all of the injuries alleged in the operative complaint.[4]

---

[3] This omits two aspects of the exclusion that do not factor into its application to the summary judgment record here.

First, we omit the phrase "'leased workers', 'temporary workers', casual workers, [and] seasonal workers." There is no dispute that these categories do not apply to Tearman based on the summary judgment materials as argued by the parties. Further, so far as the parties argue and so far as we discern, the inclusion of these kinds of workers in paragraphs (1), (2), and (3) does not shed light on interpreting the scope of the exclusion as a whole.

Second, we omit a sentence which clarifies that the exclusion applies despite various potential circumstances. Tearman does not argue that the exclusion fails to apply to his claims based on any of the circumstances addressed in this omitted sentence.

[4] We note that no party addresses whether the alleged injury to Sarah Tearman—the loss of society and companionship of her husband, Michael—qualifies as a "bodily injury" or is otherwise excluded under the worker-injury exclusion. However, the parties' failure to address this topic does not affect the outcome of this appeal. This is because we conclude that the worker-injury exclusion does not support granting summary judgment for other reasons explained in the text. Accordingly, we do not address the nature of Sarah Tearman's claims as distinct from the other plaintiffs' claims.

¶16    A separate baseline point is that coverage is not excluded for a bodily injury unless it was suffered by a person who fits into one or more of the excluded categories listed in paragraphs (1) through (3).  To expand on this point, the exclusion addresses bodily injury that "aris[es] out of and [is] in the course of" "(a) [e]mployment by any insured" or "(b) … performing duties related to the conduct of any insured's business."  Yet, meeting one of these alternative "arising out of" requirements is not sufficient by itself to trigger the exclusion.  This is so because the "arising out of" requirement qualifies paragraphs (1) and (2) and directly introduces subparts (a) and (b).  Therefore, the exclusion unambiguously provides that a triggering exclusion requires a bodily injury to a person fitting the category in paragraph (3), or, *in addition to* satisfying one of these alternative "arising out of" requirements, a bodily injury to a person fitting the categories in paragraphs (1) or (2).

¶17    Our final baseline point is that paragraph (3) applies to exclude coverage only if paragraph (1) or paragraph (2) apply.  Specifically, paragraph (3)—addressing certain spouses, children, parents, and siblings— applies only to the specified relatives of the categories of excluded persons defined in paragraphs (1) and (2).  This is established by the "arising out of" language contained in paragraph (3).  Applied here, paragraph (3) can apply to Sarah Tearman, the spouse of Michael, but only if Michael is in a category of excluded persons defined in paragraphs (1) or (2).  *See also* note 4, *supra*.

¶18    Having established those points, we turn to the core issue on appeal: whether paragraph (1) or paragraph (2) can apply to exclude coverage for bodily injury to Michael Tearman, Stephenson, and Schultz.

8

¶19    Of the two, paragraph (1) has the simpler structure. It addresses the employees, contractors, subcontractors, or independent contractors "of any insured," meaning "of" HVB. This identifies as excluded those workers and contracting entities that have a direct employment or contractual relationship with HVB.

¶20    Given the summary judgment record here, paragraph (1) cannot apply to Michael Tearman, Stephenson, and Schultz. It is undisputed that they were employed by Middleton Construction, and Nautilus does not identify any evidence in the summary judgment materials that raises the inference that they had a direct employment or contractual relationship with HVB.

¶21    Nautilus may mean to assert that it could satisfy paragraph (1) if there is no genuine dispute that HVB contracted directly with Middleton Construction. But this assertion is contrary to the language of paragraph (1). As Nautilus acknowledges in at least some parts of its brief, given the structure of the worker-injury exclusion, the analysis in paragraph (1) turns on a *plaintiff's* relationship to the insured. Here, Middleton Construction is not bringing any claims against HVB. The plaintiffs are Michael Tearman, Stephenson, and Schultz, who, as noted, have no direct employment or contractual relationship with HVB.

¶22    We turn to paragraph (2). As noted, this addresses "Any insured's contractors', subcontractors', or independent contractors' "employees", … contractors, subcontractors, or independent contractors." This uses possessives in a somewhat complicated way. But the meaning for purposes of this appeal is unambiguous under a plain language interpretation. Paragraph (2) has three parts that work together to define the following persons or entities: the employees,

9

contractors, subcontractors, and independent contractors *of* the employees, contractors, subcontractors, and independent contractors *of* HVB. This wording in paragraph (2) creates what amounts to a second layer of employment or contractual relationships that traces back to the insured, HVB. The first layer is HVB's employees, contractors, subcontractors, or independent contractors—that is, in essence, the persons already identified in paragraph (1). The second, added layer consists of the employees, contractors, and subcontractors of the persons or entities that comprise the first layer.

¶23 What that means here is that, if Tearman proves that County W, and not HVB, contracted with Middleton Construction, then paragraph (2) of the exclusion does not apply to Michael Tearman, Stephenson, and Schultz. In that circumstance, the three workers would not have been employees of an entity contracting with the insured, HVB, because they would have been two contractual or employment relationships away from the insured, HVB. Instead, Michael Tearman, Stephenson, and Schultz would be the employees of an entity (Middleton Construction) that contracted with another entity (County W) that contracted with HVB. Construing paragraph (2) to include this circumstance would require adding a third layer of relationships between a claimant and the insured that is not present in the text. And, as we discuss in more detail below, there is a genuine issue of fact regarding whether County W, and not HVB, contracted with Middleton Construction. Thus, there is a genuine issue of fact regarding whether paragraph (2) applies to exclude coverage for Michael Tearman, Stephenson, and Schultz's bodily injury claims. This renders paragraph (2) an inappropriate basis on which to grant summary judgment on the coverage issue.

¶24 Nautilus argues that paragraph (2) applies to trigger the worker-injury exclusion even if Tearman could prove that County W contracted with Middleton Construction. As part of this argument, Nautilus notes that there is no dispute that County W contracted with HVB to work on the project. Nautilus further observes that, if a factfinder determined that County W also contracted with Middleton Construction, then HVB and Middleton Construction would both have had a contractual relationship with the same entity for the same project, namely, County W. From these propositions, Nautilus attempts to suggest the conclusion that Middleton Construction would also have been *HVB's* independent contractor for purposes of paragraph (2). If true, this would make Michael Tearman, Stephenson, and Schultz employees of an independent contractor of HVB. But Nautilus does not explain why the language of paragraph (2) supports making this leap. Nautilus merely invents the concept that HVB and Middleton Construction have what Nautilus labels a relationship of "co-independent contractors." That is, without providing support from the summary judgment materials, Nautilus contends that sharing a mutual contractor created some kind of relationship between HVB and Middleton Construction. This does not advance the ball for Nautilus. To cite only one problem with Nautilus's "co-independent" contractor argument, it is contrary to how a reasonable insured in HVB's position would interpret the phrase "[a]ny insured's … independent contractor" in paragraph (2). We now explain further.

¶25 An independent contractor is "[a] person who *contracts* to perform services for another but is not a servant." *See Kerl v. Dennis Rasmussen, Inc.*, 2004 WI 86, ¶24, 273 Wis. 2d 106, 682 N.W.2d 328 (citing *Arsand v. City of Franklin*, 83 Wis. 2d 40, 45, 264 N.W.2d 579 (1978); RESTATEMENT (SECOND) OF AGENCY § 2(3) cmt. b. (1958)) (emphasis added). This is consistent with at

least one dictionary definition. *Independent Contractor*, MERRIAM-WEBSTER DICTIONARY ("a person hired to do work who controls how the work is done") (11th ed. 2003). Nautilus fails to support its premise that a reasonable insured would consider companies that have no contractual relationship to each other to somehow become independent contractors of one another simply because each has a contractual relationship with the same entity on the same project.

¶26 Our rejection of this "co-independent contractors" argument is further supported by the use of a possessive apostrophe ("insured's") in the exclusion. This conveys that paragraph (2) does not necessarily apply to any independent contractor that is involved with any aspect of HVB's work. It must be *HVB's* independent contractor, which would mean that there is a contractual relationship between HVB and the independent contractor. In the event that Tearman could prove that there was no contractual relationship between Middleton Construction and HVB, the reasonable insured in HVB's position would not consider Middleton Construction to have been HVB's independent contractor on the project.

¶27 Nautilus makes another, similar argument based on its interpretation of paragraph (2) focusing on the meaning of "contractor," but this argument rests on an unsupported assertion. And, if the assertion is corrected for, the argument does not fit the text of paragraph (2) for reasons we have already explained. Nautilus's unsupported assertion is that the worker-injury exclusion would apply even if County W (and not HVB) contracted with Middleton Construction, because in that case Tearman seeks relief for "bodily injury" to the subcontractor or independent contractor (Middleton Construction), of the contractor (County W), of the insured (HVB). Nautilus again fails to account for the fact that Tearman's claims are not of bodily injury to *Middleton Construction*, but instead claims of

injury to *individual plaintiffs* who were employed by Middleton Construction. Nautilus does not explain or attempt to support the premise of its argument that Middleton Construction itself can sustain a bodily injury.

¶28 Nautilus's argument similarly fails to the extent that Nautilus frames it with a somewhat different emphasis. The different emphasis is on the interpretation of the phrase "any insured's contractor[]." Nautilus suggests that the meaning of "contractor" includes a contractor that has contracted to pay the insured for the insured's work, not just contractors "of" the insured—meaning, contractors that the insured agrees to pay for the contractor's work. In this way, according to Nautilus, paragraph (2) includes not only the employees and contractors of entities that HVB contracts with to do work for HVB, but also the independent contractors and employees hired by any contractor that contracts with HVB to pay HVB for HVB's work. Assuming without deciding that a reasonable insured would interpret "contractor[]" this way, the argument fails because it merely returns us to circumstances that, as we explain above, do not fit the text of paragraph (2): Michael Tearman, Stephenson, and Schultz were the employees of the contractor (Middleton Construction) of the contractor (County W) of the insured (HVB). As noted, paragraph (2) traces two steps away from the insured, while Nautilus's "contractor"-based theory effectively adds a new paragraph to the exclusion that is not there, a third step between a claimant and the insured.

¶29 In sum, neither paragraph (1) nor paragraph (2) of the worker-injury exclusion provide a basis to conclude that summary judgment in Nautilus's favor is appropriate, if it is proven that County W and not HVB contracted with Middleton Construction. If Michael Tearman's bodily injury is not excluded under paragraph (1) or (2), then paragraph (3) does not provide a basis to exclude

coverage for alleged injuries to Sarah Tearman, and we need not address the "arising out of" passage between paragraphs (2) and (3).

## II. Genuine Issue of Fact

¶30    To the extent that there may be a second issue in this appeal regarding the existence of a genuine issue of material fact precluding summary judgment, it is easily resolved in favor of Tearman.

¶31    In Tearman's brief in chief, he argues that there is a genuine issue of fact regarding whether County W contracted with Middleton Construction instead of HVB. *See Strasser v. Transtech Mobile Fleet Serv., Inc.*, 2000 WI 87, ¶32, 236 Wis. 2d 435, 613 N.W.2d 142 ("A factual issue is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."). In response, Nautilus maintains that, as a factual matter, it was HVB and not County W that contracted with Middleton Construction. However, Nautilus stops short of providing a legal argument that we should affirm summary judgment based on the conclusion that the only reasonable inference that can be drawn from the summary judgment materials is that HVB contracted with Middleton Construction. Each of Nautilus's arguments is framed in terms of two, and only two, possible inferences:  either County W contracted with Middleton Construction or HVB contracted with Middleton Construction. Nautilus contends that summary judgment in its favor is appropriate under either of these scenarios pursuant to the worker-injury exclusion for reasons that we reject above. In sum, we could resolve this issue based solely on what amounts to Nautilus's concession. In the interest of completeness, however, we briefly address why we conclude that the summary judgment materials support both the inference that

14

County W contracted with Middleton Construction and the inference that HVB contracted with Middleton Construction.

¶32 There is no written contract regarding the project at issue between Middleton Construction and either County W or HVB. This means that a factfinder would need to decide who contracted with Middleton Construction based on less definitive evidence. We now summarize some of this competing evidence, although we do not attempt to canvas all potentially relevant evidence in the existing summary judgment materials.

¶33 The following evidence supports the inference that HVB entered into a contract with Middleton Construction as a subcontractor for the project, which would indisputably trigger the exclusion of coverage under the worker-injury exclusion through its paragraph (2). David Zirbel was an owner of both County W and HVB. In answers to interrogatories and a sworn affidavit, Zirbel averred that County W was the owner of the project, that County W contracted with HVB as the general contractor for the project, and that HVB contracted with Middleton Construction as a subcontractor. Although there was no written contract for Middleton Construction's work on the project, written contracts existed for other subcontractors that listed HVB as the general contractor.

¶34 The following evidence supports the inference that County W contracted with Middleton Construction, and therefore Michael Tearman, Stephenson, and Schultz were not the employees of a subcontractor hired by HVB. David Zirbel sent a text message to a federal safety inspector stating that it was County W that hired Middleton Construction. Matt and Chad Zirbel are sons of David, and both Matt and Chad were owners and employees of HVB. In a deposition, Matt testified that his understanding was that County W was the

general contractor for the project. Chad testified in a deposition that HVB typically subcontracts for projects that it works on and that Chad was unaware of a time when HVB served as a general contractor on a project.

¶35    As a further argument for the HVB-Middleton Construction contract concept, Nautilus may intend to suggest that David Zirbel, as owner of both County W and HVB, was in a superior position to all other potential witnesses in establishing which of those entities contracted with Middleton Construction. But this suggestion could not accomplish more at this stage of the proceedings than to support one possible basis for a finder of fact to draw an inference in Nautilus's favor instead of the competing inference in Tearman's favor. This does not carry the burden for Nautilus on summary judgment. *See Strasser*, 236 Wis. 2d 435, ¶31 ("The moving party bears the burden of establishing the absence of a genuine issue of material fact.").

## CONCLUSION

¶36    For these reasons, we reverse the order of the circuit court granting summary judgment in Nautilus's favor.

*By the Court*.—Judgment reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.